# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. BARRIOS,<br><br>　　　　Defendant. | 1:16-cv-01695-DAD-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Mario King ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 8, 2016, is currently before the Court for screening.

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    **Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names Facility A Sergeant J. Barrios as the sole defendant.

In claim one, Plaintiff alleges that, on July 6, 2016, he served a CDCR 602 Appeal and 602(A) Attachment on Officer Hicks, the third watch housing officer. On September 6, 2016, Plaintiff's appeal was accepted, and Officer Ramos verified, through a CDCR 22, that Plaintiff's appeal was received by the office on July 7, 2016. On July 22, 2016, after not receiving any other correspondence, Plaintiff sent another CDCR 22 addressed to the Appeals Coordinator, received by C. Navaras on July 28, 2016, which not answered or responded to. On August 31, 2016, Plaintiff sent a third CDCR 22 to the Appeals Coordinator requesting the progress of his 602 appeal. The CDCR 22 went unanswered. Plaintiff alleges that the Appeals Coordinator denied him the right of access to the Court by not allowing him to exhaust administrative remedies. The

602 appeal was based on officer retaliation due to filing a section 1983 action against a supervisory lieutenant.

In claim two, Plaintiff alleges that on July 23, 2016, he performed his duties as an ADA inmate caregiver to disabled inmates by escorting Inmates Florencio and Del Rio to evening meal, medication distribution and back to housing in Facility A, Building 2. Plaintiff was then summoned by Correctional Officer Wickert to the control office in the housing unit. Upon his arrival in the office, Plaintiff was questioned concerning an allegation made by Defendant Barrios. The allegation suggested that Plaintiff was involved in misconduct against Defendant Barrios, who called Facility A, Building 2 with these accusations. Defendant Barrios also instructed and informed Correctional Officer Wickert of Plaintiff's transfer to another location due to these actions. Plaintiff alleges that this action was under the authority of Supervisor W.S. Wadkins, who must approve such a transfer. Plaintiff contends that this relocation did not reasonably advance a legitimate correctional goal. Plaintiff reportedly was advised of possible further disciplinary action if he failed to comply with the order. Plaintiff offered evidence of two other inmates that corroborated his claim, and the two other inmates had not seen Plaintiff make any contact with Defendant Barrios before, during or after the evening meal. Plaintiff alleges that he was still directed to comply, which "intentionally inflicted emotional distress by [his] unavailability to work the job assigned to." (ECF No. 1, p. 5.) Plaintiff further alleges that he could not receive help with his prior suit.

### III. Deficiencies in Complaint

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims showing that he is entitled to relief under section 1983. In particular, claim one fails to link the named to defendant to the allegations and claim two omits necessary facts to enable the Court to determine whether Plaintiff states a cognizable claim. Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendant Barrios, the sole defendant in this action, to any allegations in claim one. Plaintiff will be granted an opportunity to amend this deficiency. If Plaintiff elects to amend his complaint, he must allege what Defendant Barrios did or did not do that resulted in a violation of his constitutional rights.

### C. Grievance Procedure

In claim one, Plaintiff appears to be complaining about the processing of his inmate appeals. However, Plaintiff cannot pursue any claims against prison officials based on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640

### D. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 and n.3).

Plaintiff alleges that he was denied access to the courts by prison officials' failure to allow him to exhaust administrative remedies. However, Plaintiff has failed to establish that he suffered an actual injury and was prevented from presenting a claim regarding officer retaliation. Plaintiff will be given leave to cure this deficiency to the extent he is able to do so in good faith.

### E. Retaliation

Although not entirely clear, it appears that Plaintiff is attempting to assert a retaliation claim against Defendant Barrios.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's claim for retaliation is based on Defendant Barrios' decision to transfer Plaintiff following asserted misconduct by Plaintiff. Plaintiff has failed to adequately allege that he was engaged in any constitutionally protected conduct or that Defendant Barrios initiated the transfer because of any constitutionally protected conduct. Plaintiff will be given leave to cure the deficiencies in this claim to the extent he is able to do so in good faith.

**IV.    Conclusion and Order**

For the above reasons, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint, filed November 8, 2016 (ECF No. 1), is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **May 8, 2017** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE