# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING,<br><br>        Plaintiff,<br><br>v.<br><br>J. BARRIOS,<br><br>        Defendant. | 1:16-cv-01695-DAD-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Mario King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 9, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on June 26, 2017, is currently before the Court for screening. (ECF No. 13.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. **Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names Sergeant J. Barrios, C. Ramos and Warden S. Sherman as defendants in this action.

By way of background, Plaintiff alleges that he was housed at CSATF on Facility A and served as a caregiver for ADA inmates. In the course of this service, Plaintiff filed a case, No. 1:16-cv-00433-LJO-SAB (PC), against W.S. Wadkins. Plaintiff alleges that W.S. Wadkins used Defendant Barrios to retaliate against Plaintiff for the litigation.

In his first claim, Plaintiff alleges he tried to appeal the adverse actions of Defendant Barrios regarding "false allegations that 'SOME ALLEGATION' . . . was made towards, against,

stared, argued, and /or had words with correctional officer Sgt. Barrios." (ECF No. 13, p. 2.) Correctional Officer Wickert communicated to Plaintiff that he stared or made a statement to Defendant Barrios. Plaintiff asserts he has two witnesses that can validate he never saw or spoke with Defendant Barrios on June 23, 2016. However, Defendant Barrios moved Plaintiff to another building, but this does not lessen Plaintiff's visibility nor does it prevent Plaintiff and Defendant Barrios from seeing each other. Plaintiff contends that he provided witnesses to Correctional Officer Wickert to dispute the false allegations, but Correctional Officer Wickert "advised Plaintiff that correctional officer Sgt. J. Barrios stated, "Failure to move will result in a CDC 115 RULES VIOLATION REPORT." (Id.) Plaintiff appears to allege that the transfer to Housing Unit 3 was an adverse transfer or punishment without procedural due process. Plaintiff contends that Defendant Barrios' actions are retaliatory acts for the purpose of harassment, intimidation, oppression, and exploitation of an inmate under Penal Code section 147.

In his second claim, Plaintiff alleges he tried to file a citizen complaint against Defendant Barrios for his acts on June 23, 2016, by way of a 602. Defendant Ramos filed Plaintiff's appeal, but never returned it or answered it. Plaintiff contends that because of Defendant Ramos' failure to be properly trained, she used underground regulations. Plaintiff alleges a "Greenwall" in which CDCR staff act on "behalf of one another to protect and/or discourage its wards from pursuing legal actions against correctional staff." (ECF No. 13, p. 4.) Plaintiff further alleges that Defendant Sherman allows his staff to use underground regulations, and the defendants have conspired together to intentionally harass and intimidate Plaintiff, who filed a grievance as part of his First Amendment rights.

In his third claim, Plaintiff contends Defendant Sherman has failed to train his employees in the execution of their duties and allowed the "Green Wall" to conspire together to violate Plaintiff's constitutional rights. Plaintiff also contends Defendant Sherman allows the filing of false documents within his institution. Plaintiff alleges he has tried to utilize the appeals process to gain relief, but he cannot get an answer to his appeal or receive it back.

Plaintiff asserts that defendants have violated his Due Process and Equal Protection rights and discriminated against him. Plaintiff seeks compensatory and punitive damages.

### III. **Deficiencies in Complaint**

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims showing that he is entitled to relief under section 1983. Plaintiff's amended complaint is disjointed and difficult to understand. Plaintiff also omits necessary facts to enable the Court to determine whether Plaintiff states a cognizable claim against any of the named defendants. Plaintiff will be given an opportunity to amend his complaint to cure this deficiency. In any amended complaint, Plaintiff should describe what happened, when it happened and who was involved. Conclusions alone are not sufficient to state a claim to relief that is plausible on its face.

#### B. First Amendment - Retaliation

Although not entirely clear from his amended complaint, it appears Plaintiff is attempting to reassert a retaliation claim against Defendant Barrios.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's claim for retaliation is based on Defendant Barrios' decision to transfer Plaintiff following asserted misconduct by Plaintiff. Although Plaintiff alleges he was engaged in constitutionally protected conduct by pursuing a lawsuit against W.S. Wadkins, it is unclear how "W.S. Wadkins by proxy did use Sergeant J. Barrios to retaliate against the Plaintiff for the litigation . . . ." (ECF No. 13, pp. 2-3.) Plaintiff's conclusory allegation is not sufficient to demonstrate that Defendant Barrios initiated Plaintiff's transfer because of any constitutionally protected conduct. Plaintiff also fails to adequately allege that the transfer did not reasonably advance a legitimate correctional goal. Plaintiff will be given leave to cure the deficiencies in this claim to the extent he is able to do so in good faith.

### C. Due Process - Grievance Procedure

Plaintiff appears to be complaining about the processing of his inmate appeals by Defendant Ramos. However, Plaintiff cannot pursue claims against prison officials based on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis,

345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiff provides no facts to support his claim that he was discriminated against on the basis of his membership in a protected class or that similarly situated individuals were treated differently.

### IV. Conclusion and Order

For the above reasons, Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with a final opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

///

///

2.      Plaintiff's first amended complaint, filed June 26, 2016 (ECF No. 13), is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4.      **If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **July 5, 2017**              /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE