# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO KING, | 1:16-cv-01695-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| J. BARRIOS, | (ECF No. 15) |
| Defendant. | FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Mario King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2017, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 14.) Plaintiff's second amended complaint, filed on July 31, 2017, is currently before the Court for screening. (ECF No. 15.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names Correctional Officer B. Martinez, Sergeant J. Barrios, Appeals Coordinator C. Ramos and Warden S. Sherman as defendants in this action.

Plaintiff alleges as follows: Lt W.S. Wadkins worked overtime on Facility A with Sgt. Barrios. Sgt. Barrios knew of Plaintiff's lawsuit filed against W. S. Wadkins. On June 23, 2016, Plaintiff was contacted by Correctional Officer C. Wickett, and questioned about an alleged

2

argument that happened by Plaintiff and "defendant." (ECF No. 15 at p. 4.) Plaintiff contends that he has affidavits to support that it never took place.

Since March 12, 2015, Plaintiff was housed in A-2/14/4 low, and based on the alleged verbal disagreement was rehoused in a "C" status-orientation building. On the date of the alleged incident, Defendants were working 3rd watch with Lt. W. S. Wadkins. Based on alleged words with Sgt Barrios, C. Wickett advised Plaintiff that he would be moving.

Plaintiff asserts that he suffered adverse retaliation acts by defendants for his civil litigation. Plaintiff contends that he never suffered from any rule violation that would support placing him in a "C status (loss of privilege) or orientation building. He also contends that there are no documents or factual evidence that will support the defendants' claim of facility needs or a quantifiable need or reason to move an ADA inmate "who help and is assigned as a care giver." (ECF No. 15 at p. 5.)

Plaintiff requests that defendants be prosecuted, and seeks punitive and compensatory damages, along with injunctive relief.

### III. Deficiencies in Complaint

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims showing that he is entitled to relief under section 1983. Plaintiff's second amended complaint is disjointed and difficult to understand. Plaintiff also omits necessary facts to enable the Court to determine whether Plaintiff states a cognizable claim against any of the named defendants.

Conclusions alone are not sufficient to state a claim to relief that is plausible on its face. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link any of the defendants to his claims. Plaintiff fails allege what each individual did, or failed to do, that resulted in a violation of Plaintiff's constitutional rights. Plaintiff may not simply lump all defendants together without linking specific defendants to specific actions.

To the extent Plaintiff seeks to bring suit against the Warden (or any other defendant), based on a supervisory role, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."

Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against the Warden or any other supervisory personnel. Plaintiff fails to allege that the Warden or any individual supervisors were involved in an alleged constitutional deprivation. Although a deficient policy may link a supervisor to a claim, Plaintiff also fails to identify any policy that violated his constitutional rights and was the moving force of any violation of his rights.

### C. First Amendment - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's claim for retaliation is based on defendants' decision to transfer Plaintiff following asserted misconduct by Plaintiff. Although Plaintiff alleges he was engaged in constitutionally protected conduct by pursuing a lawsuit against W.S. Wadkins, it is unclear how any of the named defendants undertook an adverse action because of the lawsuit. As noted above, Plaintiff has not linked any of the individual defendants to the transfer, and Plaintiff's conclusory allegations are not sufficient to demonstrate that defendants initiated Plaintiff's transfer because of any constitutionally protected conduct. Plaintiff also fails to adequately

allege that the transfer did not reasonably advance a legitimate correctional goal. Despite being provided with the relevant legal standard, Plaintiff has been unable cure the deficiencies in this claim.

### D. Due Process - Grievance Procedure

Although not entirely clear, Plaintiff appears to be complaining about an inmate appeal by naming Defendant Ramos. However, Plaintiff cannot pursue claims against prison officials based on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### IV. Conclusion and Recommendation

For the above reasons, Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted under section 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, pursuant to 28 U.S.C. § 1915A(b)(1), based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **October 15, 2017**     /s/ *Barbara A. McAuliffe*
                                                                             UNITED STATES MAGISTRATE JUDGE